## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NEW YORK

| | |
|---|---|
| **CHEIKHNA MOUSSA DIALLO,** *Petitioner*, v. **JOSEPH FREDEN,** in his official capacity as Deputy Field Office Director, Buffalo Field Office, U.S. Immigration & Customs Enforcement; **TAMMY MARICH,** In her official capacity as Field Office Director, Buffalo Field Office, U.S. Immigration & Customs Enforcement; **TODD LYONS,** In his official capacity as Acting Director, U.S. Immigration and Customs Enforcement, **KRISTI NOEM,** In her official capacity as Secretary of Homeland Security, *Respondent.* | Civil Action No. 25-cv-1229<br><br>Immigration No. 241-253-571<br><br>**VERIFIED PETITION FOR WRIT OF HABEAS CORPUS AND INCORPORATED MEMORANDUM OF LAW** |

# TABLE OF CONTENTS

**PRELIMINARY STATEMENT** ...................................................................................................1

**THE PARTIES** ...........................................................................................................................2

**CUSTODY** ..................................................................................................................................2

**JURISDICTION & VENUE** .....................................................................................................3

    I.    SUBJECT MATTER JURISDICTION ................................................................. 3

    II.    PERSONAL JURISDICTION ............................................................................... 3

    III.    VENUE .................................................................................................................. 3

**LEGAL FRAMEWORK WITH RESPECT TO BOND** ..........................................................4

**FACTS** .........................................................................................................................................8

**CLAIMS FOR RELIEF** ............................................................................................................9

**COUNT 1: VIOLATION OF THE INA** .................................................................................9

**COUNT 2: VIOLATION OF DUE PROCESS** ......................................................................9

**PRAYER FOR RELIEF** .........................................................................................................10

**VERIFICATION BY SOMEONE ACTING ON PETITIONER'S BEHALF PURSUANT TO 28 U.S.C. § 2242** ..................................................................................................................12

**PRELIMINARY STATEMENT**

1.    Mr. Cheikhna Moussa Diallo ("Mr. Diallo") is a 25-year-old citizen of Mauritania who entered the United States without inspection on or about May 26, 2023 at or near San Luis, Arizona. He was issued a Notice to Appear ("NTA") on May 26, 2023 charging him as an alien present in the United States who has not been admitted or paroled. He filed an asylum application and was scheduled for proceedings in the non-detained Buffalo Immigration Court. Nevertheless, he was detained by Immigration and Customs Enforcement ("ICE") on or about October 3, 2025 and is now being held at the Buffalo Federal Detention Facility ("BFDF") in Batavia, New York without bond.

2.    DHS and EOIR each have nationwide policies mandating the detention of all persons who entered without admission or parole, regardless of whether that person was apprehended upon arrival. Most recently, on September 5, 2025, in *Matter of Yajure Hurtado*, 29 I. & N. Dec. 216 (BIA 2025), the Board of Immigration Appeals (BIA) held that all persons who have entered the United States without admission or parole are now subject to mandatory detention under § 1225(b)(2)(A). This legal interpretation is plainly contrary to the statutory framework and contrary to decades of agency practice applying § 1226(a) to people like Petitioner.

3.    This systemic misclassification of people arrested inside the United States is in clear violation of the law. These people are generally subject to the detention provisions of 8 U.S.C. § 1226, which usually allows for release on bond and conditions during the pendency of immigration proceedings. It has been this way for decades. DHS and DOJ are now misclassifying these people as being subject to 8 U.S.C. § 1225, which does not allow for release on bond. This misclassification is contrary to almost 30 years of settled law and practice, and it is

unlawfully premised solely upon the manner in which the person initially entered the country—in some cases, decades ago.

4. Accordingly, Petitioner seeks a writ of habeas corpus. Petitioner requests an order requiring his release unless Respondents provide a bond hearing under § 1226(a) within seven days.

## THE PARTIES

5. Petitioner Mr. Cheikhna Moussa Diallo is detained in the custody of ICE. He is being held at the Buffalo Federal Detention Facility in Batavia, New York. His custody and governmental actions related to his removal are likewise controlled by the Buffalo Field office, which is located within this judicial district.

6. Respondent Joseph Freden is the Buffalo, NY Field Office Director for Enforcement and Removal Operations, U.S. Immigration and Customs Enforcement. He is the local ICE official who has authority over the Petitioner. *See Vasquez v. Reno*, 233 F,3d 688, 690 (lst Cir. 2000), cert. denied, 122 S. Ct. 43 (2001). Respondent Freden's office is at 250 Delaware Avenue, Floor 7, Buffalo, NY 14202 and/or at the Buffalo Federal Detention Facility, 4250 Federal Drive, Batavia, NY 14020.

7. Petitioner's custody within this judicial district and the governmental actions related to his potential removal from the district are likewise controlled by Respondents Marich, Lyons and Noem.

## CUSTODY

8. Petitioner is in the physical custody of Respondents and U.S. Immigration and Customs Enforcement ("ICE") at the BFDF. The Deportation Officer responsible for his case is stationed at the Buffalo Federal Detention Facility ("BFDF"). The Petitioner is under the direct care, custody and control of Respondents and their agents.

## JURISDICTION & VENUE

I. SUBJECT MATTER JURISDICTION

9. This action arises under the Constitution of the United States, and the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1101 et seq., as amended by the Illegal Immigration Reform and Immigrant Responsibility Act of 1996 ("IIRIRA"), Pub. L. No. 104-208, 110 Stat. 1570, and the Administrative Procedure Act ("APA"), 5 U.S.C. § 701 et seq.

10. This Court has jurisdiction under 28 U.S.C, § 2241, Art. I, § 9, el. 2 of the Constitution of the United States (the Suspension Clause) and 28 U.S.C. § 1331, as Petitioner is presently in custody under color of the authority of the United States, and such custody is in violation of the Constitution, laws, or treaties of the United States. This Court may grant relief pursuant to 28 U.S.C. § 2241, 5 U.S.C. § 702, the All Writs Act, 28 U.S.C. § 1651 and the Court's equitable habeas authority.

II. PERSONAL JURISDICTION

11. This Court has personal jurisdiction over Petitioner's immediate custodian (who is physically within the district).[1]

III. VENUE

12. Pursuant to *Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S.484, 493-500 (1973), venue lies in the United States District Court for the Western District of New York, the judicial district in which Petitioner is being detained. Petitioner is being detained at the BFDF and his detention falls under the jurisdiction of the ICE Field Office of Buffalo, New York, which encompasses the area where Petitioner is being detained, pursuant to 28 U.S.C. § 1391.

---

[1] Petitioner asserts this Court has personal jurisdiction over the additional Respondents, however, in the interests of brevity, the Petitioner will brief this if (1) any governmental acts challenged herein are found to relate to those Respondents (instead of the immediate custodian) and (2) the Government seeks to argue against personal jurisdiction.

## LEGAL FRAMEWORK WITH RESPECT TO BOND

13. The INA prescribes three basic forms of detention for the vast majority of noncitizens in removal proceedings.

14. First, 8 U.S.C. § 1226 authorizes the detention of noncitizens in standard removal proceedings before an Immigration Judge (IJ). See 8 U.S.C. § 1229a. Individuals in § 1226(a) detention are generally entitled to a bond hearing at the outset of their detention, see 8 C.F.R. §§ 1003.19(a), 1236.1(d), while noncitizens who have been arrested, charged with, or convicted of certain crimes are subject to mandatory detention, see 8 U.S.C. § 1226(c).

15. Second, the INA provides for mandatory detention of noncitizens subject to expedited removal under 8 U.S.C. § 1225(b)(1) and for other recent arrivals seeking admission referred to under § 1225(b)(2).

16. Last, the INA also provides for detention of noncitizens who have been ordered removed, including individuals in withholding-only proceedings, see 8 U.S.C. § 1231(a)–(b).

17. This case concerns the detention provisions at §§ 1226(a) and 1225(b)(2).

18. The detention provisions at § 1226(a) and § 1225(b)(2) were enacted as part of the Illegal Immigration Reform and Immigrant Responsibility Act (IIRIRA) of 1996, Pub. L. No. 104-–208, Div. C, §§ 302–03, 110 Stat. 3009-546, 3009–582 to 3009–583, 3009–585. Section 1226 was most recently amended earlier this year by the Laken Riley Act, Pub. L. No.119-1, 139 Stat. 3 (2025).

19. Following the enactment of the IIRIRA, EOIR drafted new regulations explaining that, in general, people who entered the country without admission or parole were not considered detained under § 1225 and that they were instead detained under § 1226(a). See Inspection and Expedited Removal of Aliens; Detention and Removal of Aliens; Conduct of Removal Proceedings; Asylum Procedures, 62 Fed. Reg. 10312, 10323 (Mar. 6, 1997).

20. Thus, in the decades that followed, most people who entered without admission or parole and were placed in standard removal proceedings received bond hearings, unless their criminal history rendered them ineligible. That practice was consistent with many more decades of prior practice, in which noncitizens who were not deemed "arriving" were entitled to a custody hearing before an IJ or other hearing officer. See 8 U.S.C. § 1252(a) (1994); see also H.R. Rep. No. 104-469, pt. 1, at 229 (1996) (noting that § 1226(a) simply "restates" the detention authority previously found at § 1252(a)).

21. On July 8, 2025, ICE, "in coordination with" the Department of Justice, announced a new policy that rejected this well-established understanding of the statutory framework and reversed decades of practice.

22. The new policy, entitled "Interim Guidance Regarding Detention Authority for Applicants for Admission," claims that all persons who entered the United States without admission or parole shall now be deemed "applicants for admission" under 8 U.S.C. § 1225, and therefore are subject to mandatory detention under § 1225(b)(2)(A). The policy applies regardless of when a person is apprehended, and affects those who have resided in the United States for months, years, and even decades.

23. On September 5, 2025, the BIA adopted this same position in *Matter of Yajure Hurtado*. There, the Board held that all noncitizens who entered the United States without admission or parole are considered applicants for admission who are seeking admission and are ineligible for IJ bond hearings.

24. Dozens of federal courts have rejected Respondents' new interpretation of the INA's detention authorities, including every judge sitting in this Court who has made a decision on this issue thus far. See, e.g., *Alvarez Ortiz v. Freden*, No. 25-CV-960-LJV (W.D.N.Y.

November 4, 2025); *Da Cunha v. Freden*, 25-CV-06532-MAV, ECF No. 25 (W.D.N.Y. Oct. 20, 2025); *Quituizaca Quituisaca v. Bondi*, 25-cv-6527 (W.D.N.Y. Nov. 12, 2025); *Najeem v. Freden*, 25-cv-6584 (W.D.N.Y. Nov. 12, 2025); *Mendoza v. Bondi*, 25-cv-954 (W.D.N.Y. Nov. 12, 2025); *Martinez v. Bondi*, 25-cv-6508 (W.D.N.Y. Nov. 12, 2025); Rodriguez *Vazquez v. Bostock*, 779 F. Supp. 3d 1239 (W.D. Wash. 2025); *Gomes v. Hyde*, No. 1:25-CV-11571-JEK, 2025 WL 1869299 (D. Mass. July 7, 2025); *Diaz Martinez v. Hyde*, No. CV 25-11613-BEM, --- F. Supp. 3d ----, 2025 WL 2084238 (D. Mass. July 24, 2025); *Rosado v. Figueroa*, No. CV 25-02157 PHX DLR (CDB), 2025 WL 2337099 (D. Ariz. Aug. 11, 2025), report and recommendation adopted, No. CV-25-02157-PHX-DLR (CDB), 2025 WL 2349133 (D. Ariz. Aug. 13, 2025); *Lopez Benitez v. Francis*, No. 25 CIV. 5937 (DEH), 2025 WL 2371588 (S.D.N.Y. Aug. 13, 2025); *Maldonado v. Olson*, No. 0:25-cv-03142-SRN-SGE, 2025 WL 2374411 (D. Minn. Aug. 15, 2025); *Arrazola-Gonzalez v. Noem*, No. 5:25-cv-01789-ODW (DFMx), 2025 WL 2379285 (C.D. Cal. Aug. 15, 2025); *Romero v. Hyde*, No. 25-11631-BEM, 2025 WL 2403827 (D. Mass. Aug. 19, 2025); *Samb v. Joyce*, No. 25 CIV. 6373 (DEH), 2025 WL 2398831 (S.D.N.Y. Aug. 19, 2025); *Ramirez Clavijo v. Kaiser*, No. 25-CV-06248-BLF, 2025 WL 2419263 (N.D. Cal. Aug. 21, 2025); *Leal-Hernandez v. Noem*, No. 1:25-cv-02428-JRR, 2025 WL 2430025 (D. Md. Aug. 24, 2025); *Kostak v. Trump*, No. 3:25-cv-01093-JE-KDM, 2025 WL 2472136 (W.D. La. Aug. 27, 2025); Jose J.O.E. v. Bondi, No. 25-CV-3051 (ECT/DJF), --- F. Supp. 3d ----, 2025 WL 2466670 (D. Minn. Aug. 27, 2025) *Lopez-Campos v. Raycraft*, No. 2:25-cv-12486-BRM-EAS, 2025 WL 2496379 (E.D. Mich. Aug. 29, 2025); *Vasquez Garcia v. Noem*, No. 25-cv-02180-DMS-MM, 2025 WL 2549431 (S.D. Cal. Sept. 3, 2025); *Zaragoza Mosqueda v. Noem*, No. 5:25-CV-02304 CAS (BFM), 2025 WL 2591530 (C.D. Cal. Sept. 8, 2025); *Pizarro Reyes v. Raycraft*, No. 25-CV-12546, 2025 WL 2609425 (E.D.

Mich. Sept. 9, 2025); *Sampiao v. Hyde*, No. 1:25-CV-11981-JEK, 2025 WL 2607924 (D. Mass. Sept. 9, 2025); see also, e.g., *Palma Perez v. Berg*, No. 8:25CV494, 2025 WL 2531566, at *2 (D. Neb. Sept. 3, 2025) (noting that "[t]he Court tends to agree" that § 1226(a) and not § 1225(b)(2) authorizes detention); *Jacinto v. Trump*, No. 4:25-cv-03161-JFB-RCC, 2025 WL 2402271 at *3 (D. Neb. Aug. 19, 2025) (same); *Anicasio v. Kramer*, No. 4:25-cv-03158-JFB-RCC, 2025 WL 2374224 at *2 (D. Neb. Aug. 14, 2025) (same).

25. Courts have uniformly rejected DHS's and EOIR's new interpretation because it defies the INA. As the *Rodriguez Vazquez* court and others have explained, the plain text of the statutory provisions demonstrates that § 1226(a), not § 1225(b), applies to people like Petitioner.

26. Subsection 1226(a) applies by default to all persons "pending a decision on whether the [noncitizen] is to be removed from the United States." These removal hearings are held under § 1229a, to "decid[e] the inadmissibility or deportability of a[] [noncitizen]."

27. The text of § 1226 also explicitly applies to people charged as being inadmissible, including those who entered without admission or parole. See 8 U.S.C. § 1226(c)(1)(E). Subparagraph (E)'s reference to such people makes clear that, by default, such people are afforded a bond hearing under subsection (a). As the *Rodriguez Vazquez* court explained, "[w]hen Congress creates 'specific exceptions' to a statute's applicability, it 'proves' that absent those exceptions, the statute generally applies." *Rodriguez Vazquez*, 779 F. Supp. 3d at 1257 (citing *Shady Grove Orthopedic Assocs., P.A. v. Allstate Ins. Co.*, 559 U.S. 393, 400 (2010)).

28. Section 1226 therefore leaves no doubt that it applies to people who face charges of being inadmissible to the United States, including those who are present without admission or parole.

29. By contrast, § 1225(b) applies to people arriving at U.S. ports of entry or who recently entered the United States. The statute's entire framework is premised on inspections at the border of people who are "seeking admission" to the United States. 8 U.S.C. § 1225(b)(2)(A). Indeed, the Supreme Court has explained that this mandatory detention scheme applies "at the Nation's borders and ports of entry, where the Government must determine whether a[] [noncitizen] seeking to enter the country is admissible." *Jennings v. Rodriguez*, 583 U.S. 281, 287 (2018).

30. Accordingly, the mandatory detention provision of § 1225(b)(2) does not apply to people like Petitioner, who has already entered and was residing in the United States at the time he was apprehended.

## FACTS

31. Mr. Cheikhna Moussa Diallo ("Mr. Diallo") is a 25-year-old citizen of Mauritania who entered the United States without inspection on or about May 26, 2023 at or near San Luis, Arizona. He was issued a Notice to Appear ("NTA") on May 26, 2023 charging him as an alien present in the United States who has not been admitted or paroled. He filed an asylum application and was scheduled for proceedings in the non-detained Buffalo Immigration Court. Nevertheless, he was detained by Immigration and Customs Enforcement ("ICE") on or about October 3, 2025 and is now being held at the Buffalo Federal Detention Facility ("BFDF") in Batavia, New York without bond.

32. Upon information and belief, ICE has issued a custody determination to continue Petitioner's detention without an opportunity to post bond or be released on other conditions.

33. Petitioner has not requested a bond redetermination hearing as of yet, and doing so would be futile, as undersigned counsel expects the IJ to hold that the immigration court lacks

jurisdiction to conduct a bond redetermination hearing under the flawed rationale that Petitioner remains an applicant for admission seeking admission under § 1225(b)(2)(A), in keeping with EOIR's illegal bond denial policy.

34. Without relief from this Court, Petitioner faces the prospect of months, or even years, in immigration custody.

## CLAIMS FOR RELIEF
### COUNT 1: VIOLATION OF THE INA

35. Petitioner re-alleges and incorporates by reference each and every allegation contained in the preceding paragraphs as if set forth fully herein, and does so for all additional counts.

36. The mandatory detention provision at 8 U.S.C. § 1225(b)(2) does not apply to all noncitizens residing in the United States who are subject to the grounds of inadmissibility. As relevant here, it does not apply to those who previously entered the country and have been residing in the United States prior to being apprehended and placed in removal proceedings by Respondents. Such noncitizens are detained under § 1226(a), unless they are subject to § 1225(b)(1), § 1226(c), or § 1231.

37. The application of § 1225(b)(2) to Petitioner unlawfully mandates his continued detention and violates the INA.

### COUNT 2: VIOLATION OF DUE PROCESS

38. Petitioner re-alleges and incorporates by reference each and every allegation contained in the preceding paragraphs as if set forth fully herein, and does so for all additional counts.

39. The government may not deprive a person of life, liberty, or property without due process of law. U.S. Const. amend. V. "Freedom from imprisonment—from government custody, detention, or other forms of physical restraint—lies at the heart of the liberty that the Clause protects." *Zadvydas v. Davis*, 533 U.S. 678, 690 (2001).

40. Petitioner has a fundamental interest in liberty and being free from official restraint.

41. The government's detention of Petitioner without a bond redetermination hearing to determine whether they are a flight risk or danger to others violates the right to due process.

**PRAYER FOR RELIEF**

WHEREFORE, Petitioner prays that the Court grant the following relief:

(1) Assume jurisdiction over this matter;

(2) Issue a writ of habeas corpus clarifying that the statutory basis for Petitioner's detention is 8 U.S.C. § 1226(a) and that 8 U.S.C. § 1225(b)(2)(A) does not apply to Petitioner;

(3) Issue a writ of habeas corpus requiring that Respondents release Petitioner unless Respondents provides Petitioner with a bond hearing pursuant to 8 U.S.C. § 1226(a) within 7 days at which the government bears the burden to demonstrate, by clear and convincing evidence, that the petitioner is a danger to the community or a flight risk and at which the immigration judge must consider non-bond alternatives to detention or, if setting a bond, the petitioner's ability to pay;

(4) Declare ICE's July 8 policy and the BIA's *Matter of Yajure Hurtado* decisions unlawful;

(5) Award Petitioner attorney's fees and costs under the Equal Access to Justice Act ("EAJA"), as amended, 28 U.S.C. § 2412, and on any other basis justified under law;

(6) Prevent the Petitioner's removal outside of this judicial district until this action is decided;

(7) Issue a temporary stay of Petitioner's removal until this action is decided; and

(8) Fashion such additional relief as is necessary and appropriate, including declaratory relief or other interim relief necessary to vindicate Petitioners' rights under U.S. and international law.

Dated: November 20, 2025                    /s/ Matthew K. Borowski

                                                                                         Matthew K. Borowski
*Attorney for Petitioner*
4343 Union Road,
Buffalo NY 14225
E-mail: matthew@borowskilaw.com
Tel: 716-330-1503

**VERIFICATION BY SOMEONE ACTING ON PETITIONER'S BEHALF PURSUANT TO 28 U.S.C. § 2242**

I am submitting this verification on behalf of the Petitioner because I am one of the Petitioner's attorneys. I have discussed with the Petitioner's immigration counsel the events described in this Petition. On the basis of those discussions, I hereby verify that the statements made in the attached Petition for Writ of Habeas Corpus are true and correct to the best of my knowledge.

Dated: November 20, 2025                /s/ Matthew K. Borowski

_____
Matthew K. Borowski
*Attorney for Petitioner*
4343 Union Road,
Buffalo NY 14225
E-mail: matthew@borowskilaw.com
Tel: 716-330-1503

✎JS 44 (Rev. 12/07)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
Cheikhna Moussa Diallo

## DEFENDANTS
JOSEPH FREDEN, TAMMY MARICH, TODD LYONS, KRISTI NOEM

**(b)** County of Residence of First Listed Plaintiff: Genesee
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant: _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
Matthew K. Borowski, Borowski Witmer Immigration Lawyers, 4343 Union Road, Buffalo, NY 14225

Attorneys (If Known)
USAO WDNY

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☐ 3 Federal Question (U.S. Government Not a Party)
- ☒ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability / ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability / ☐ 368 Asbestos Personal Injury Product Liability | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability / **PERSONAL PROPERTY** | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| | ☐ 350 Motor Vehicle / ☐ 370 Other Fraud | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 355 Motor Vehicle Product Liability / ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 160 Stockholders' Suits | ☐ 360 Other Personal Injury / ☐ 380 Other Personal Property Damage | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 190 Other Contract | / ☐ 385 Property Damage Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 195 Contract Product Liability | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting / ☐ 510 Motions to Vacate Sentence | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations / **Habeas Corpus:** | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare / ☐ 530 General | | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment / ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | / ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 446 Amer. w/Disabilities - Other / ☐ 550 Civil Rights | ☒ 463 Habeas Corpus - Alien Detainee | | |
| | / ☐ 555 Prison Condition | ☐ 465 Other Immigration Actions | | |
| | ☐ 440 Other Civil Rights | | | |

## V. ORIGIN (Place an "X" in One Box Only)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
28 USC 2241

Brief description of cause:
Habeas corpus petition

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $ _____

CHECK YES only if demanded in complaint:
**JURY DEMAND:** ☐ Yes ☒ No

## VIII. RELATED CASE(S) IF ANY
(See instructions):
JUDGE _____ DOCKET NUMBER _____

DATE: 11/20/2025

SIGNATURE OF ATTORNEY OF RECORD: /s/ Matthew Borowski

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

**I.** **(a) Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

   (b) County of Residence. For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

   (c) Attorneys. Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.** **Jurisdiction**. The basis of jurisdiction is set forth under Rule 8(a), F.R.C.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.

United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.

United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.

Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.

Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; federal question actions take precedence over diversity cases.)

**III.** **Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

**IV.** **Nature of Suit**. Place an "X" in the appropriate box. If the nature of suit cannot be determined, be sure the cause of action, in Section VI below, is sufficient to enable the deputy clerk or the statistical clerks in the Administrative Office to determine the nature of suit. If the cause fits more than one nature of suit, select the most definitive.

**V.** **Origin**. Place an "X" in one of the seven boxes.

Original Proceedings. (1) Cases which originate in the United States district courts.

Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441. When the petition for removal is granted, check this box.

Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.

Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.

Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.

Multidistrict Litigation. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407. When this box is checked, do not check (5) above.

Appeal to District Judge from Magistrate Judgment. (7) Check this box for an appeal from a magistrate judge's decision.

**VI.** **Cause of Action**. Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity**. Example: U.S. Civil Statute: 47 USC 553
Brief Description: Unauthorized reception of cable service

**VII.** **Requested in Complaint**. Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.

Demand. In this space enter the dollar amount (in thousands of dollars) being demanded or indicate other demand such as a preliminary injunction.

Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII.** **Related Cases**. This section of the JS 44 is used to reference related pending cases if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature**. Date and sign the civil cover sheet.